Claudette LUTZ, Plaintiff—Appellant,

v.

GLENDALE UNION HIGH SCHOOL, DISTRICT NO. 205; Governing Board of Glendale Union High School, District No. 205; James Kiefer, Superintendent, in his official capacity; Jennifer Johnson, Principal, in her official capacity, Defendants—Appellees.

No. 99–17410.

D.C. No. CV–98–01076–EHC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 10, 2001.

Decided April 20, 2001.

Before REINHARDT, TASHIMA, and BERZON, Circuit Judges.

### MEMORANDUM *

Claudette Lutz appeals the district court's entry of summary judgment in favor of defendant-appellee, Glendale Union High School District ("Glendale," or "the District"), in her suit under the Americans with Disabilities Act, 42 U.S.C. §§ 12101–12213 ("ADA"). We reverse. The facts are familiar to the parties, so we do not recite them here except as necessary to explain our decision.

■ The district court granted summary judgment on the sole ground that Lutz had not demonstrated that she was substantially limited in any major life activity.

Lutz's diabetes is described as "uncontrolled," which signifies that, even with the mitigation measures she employs, Lutz still experiences frequent, extreme, and unpredictable blood sugar fluctuations.

The physical symptoms of Lutz's brittle diabetes are largely undisputed. The district court noted that the "dramatic swings in her blood sugar levels … affected her thinking and walking, caused her lightheadedness, made it difficult for her to concentrate, affected her moods, caused migraine headaches that affected her vision, and caused nausea and vomiting." In addition, Lutz's own affidavit indicates that even light physical activity, including "walking for any distance [such as to go] grocery shopping" and working around the house, such as vacuuming, mopping, and yard work, "causes me to have low blood sugar and therefore I do not do these activities now more than one time every couple of months at most." Lutz's medical records, and the affidavit of her doctor, Laurence Nilsen, confirm her reported difficulties with walking, among other things.

■ This evidence is sufficient to support a finding that Lutz is substantially limited in the major life activity of walking. The record shows that Lutz does not allow herself to walk for "any distance," which she defined as long enough to go grocery shopping, because to do so precipitates a low blood sugar reaction. Given the potentially life-threatening consequences of a low blood sugar reaction for Lutz, the extreme limits she places on the manner and duration of her walking are an appropriate attempt to mitigate the symptoms of her diabetes. While we must consider mitigation measures in assessing the degree of an individual's limitation, *Sutton v. United Air Lines, Inc.,* 527 U.S. 471, 475, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999), we must also consider the limitations imposed by the mitigation measures themselves. *Id.* at 482 ("if a person is taking measures to correct for, or mitigate, a physical or

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

mental impairment, the effects of those measures—both positive and negative—must be taken into account when judging whether that person is 'substantially limited' in a major life activity and thus 'disabled' under the Act"); *see also EEOC v. Sears, Roebuck, & Co.,* 233 F.3d 432, 438–39 (7th Cir.2000) (holding that factual issues existed with respect to whether an employee was substantially limited in the major life activity of walking where her diabetes-related neuropathy required her to limit her walking).

The evidence in the record is sufficient to support a finding that Lutz cannot walk for even a minimal distance more than one time every couple of months. There is, therefore, a triable issue as to whether she is "significantly restricted as to the condition, manner, or duration" with which she can walk. 29 C.F.R. §§ 1630.2(j)(1)(i)-(ii); *see also Sutton,* 527 U.S. at 480; 29 C.F.R. Pt. 1630, App. ("An impairment is substantially limiting if it significantly restricts the duration, manner or condition under which an individual can perform a particular major life activity as compared to the average person in the general population's ability to perform that same major life activity. Thus, for example, *an individual who, because of an impairment, can only walk for very brief periods of time would be substantially limited in the major life activity of walking.*") (emphasis added); *Bragdon v. Abbott,* 524 U.S. 624, 641, 118 S.Ct. 2196, 141 L.Ed.2d 540 (1998) ("The Act addresses substantial limitations on major life activities, not utter inabilities.").[1] The district court therefore erred in finding, as a matter of law, that Lutz is not a qualified individual with a disability within the meaning of the ADA.

We decline Glendale's invitation to affirm on two other grounds not relied on by the district court. On the present summary judgment record, the answers to the questions of whether there was a reasonable accommodation available and whether Lutz's disability caused the behavior that led to her termination, *cf. Humphrey v. Memorial Hospitals Ass'n,* 239 F.3d 1128, 1139–40 (9th Cir.2001), are not straightforward. We therefore leave those questions for the district court to address in the first instance.

REVERSED AND REMANDED.

---

1. Lutz asserts that she is limited in her ability to perform a number of other major life activities. The evidence in the record, however, is inadequate to show that Lutz is *substantially* limited with respect to the other major life activities she identified, including thinking, seeing, sleeping, and interacting with others. Lutz has not provided evidence from which a jury could reasonably conclude that she is significantly restricted as to the condition, manner or duration of her ability to perform these major life activities.